## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

JAMES FERGUS RASMUSSEN,

    Plaintiff,

vs.

JANA HACKER, N.P., and WARDEN JIM MCKINNEY,

    Defendants.

No. C 12-3078-MWB

**MEMORANDUM OPINION AND ORDER REGARDING REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

_____

In this case, plaintiff James Fergus Rasmussen asserts a claim, pursuant to 42 U.S.C. § 1983, of deliberate indifference by prison officials to his serious medical need for surgical and other treatment of his Dupuytren's contractures,[1] in violation of the Eighth Amendment to the United States Constitution. This case is before me on United States Magistrate Judge Leonard T. Strand's May 7, 2014, Report And Recommendation On Defendants' Motion For Summary Judgment (docket no. 20). The defendants had

---

[1] Judge Strand explains in the Report And Recommendation now before me,

> According to information provided by Rasmussen from the Mayo Clinic website, Dupuytren's contracture is "a hand deformity that usually develops slowly, over decades." Doc. No. 6 at 13. It affects the connective tissue under the skin of the palm causing knots of tissue to form which eventually develop into a thick cord pulling one or more fingers into a bent position. *Id*.

Report And Recommendation (docket no. 20), 1 n.1.

filed their Motion For Summary Judgment (docket no. 18) on March 25, 2014, but Rasmussen had not filed any resistance to it. In his Report And Recommendation, Judge Strand recommends that I deny the defendants' Motion For Summary Judgment on one ground, but grant it on three other grounds.

Somewhat more specifically, Judge Strand recommends that I deny the defendants' Motion For Summary Judgment on the ground that Rasmussen's claims are barred by failure to exhaust administrative procedures, as required by 47 U.S.C. § 1997e(a), because prison officials had themselves failed to comply with grievance procedures. Report And Recommendation at 13 (citing *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005)). On the other hand, Judge Strand recommends that I grant the defendants' Motion For Summary Judgment on any of three alternative grounds. First, he recommends that summary judgment be granted, because Rasmussen has not demonstrated a genuine issue of material fact as to whether the defendants were deliberately indifferent to a serious medical need, where the record shows appropriate consideration of treatment options for his Dupuytren's contractures by prison medical staff, and Rasmussen's mere difference of opinion over expert medical judgment concerning a course of treatment does not rise to the level of a constitutional violation. *Id*. at 11 (citing *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010)). Second, Judge Strand recommends that summary judgment be granted in favor of Warden McKinney, because there is no basis for a finding that Warden McKinney was personally involved in any constitutional violation or that his corrective inaction amounted to deliberate indifference to or tacit authorization of the violative practices, where another prison official was responsible for the late response to one of Rasmussen's grievance appeals, another prison official responded to another of Rasmussen's appeals, and that official noted that he relied on the decisions of prison medical staff concerning treatment options. *Id*. at 14-15 (citing *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993)). Finally, Judge Strand recommends that summary

judgment be granted for the defendants on the basis of their qualified immunity, where Rasmussen has failed to generate a genuine issue of material fact as to whether the defendants were deliberately indifferent to his medical needs or that the record demonstrated an obvious need for further treatment. *Id*. at 16-17 (citing *Self v. Crum*, 439 F.3d 1227 (10th Cir. 2006)). Although objections to Judge Strand's Report And Recommendation were due not later than May 21, 2014, no party has filed any timely objections.

The applicable statute provides for *de novo* review by the district judge of a magistrate judge's report and recommendation, *when objections are made*, as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). Thus, "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask." *Thomas v. Arn*, 474 U.S. 140, 154 (1985).

*In the absence of an objection*, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150; *see also Peretz v. United States*, 501 U.S. 923, 939 (1991) (stating that § 636(b)(1) "provide[s] for de novo review *only* when a party objected to the magistrate's findings or recommendations" (emphasis added)); *United States v. Ewing*, 632 F.3d 412, 415 (8th Cir. 2011) ("By failing to file objections, Ewing waived his right to de novo review [of a magistrate judge's report and recommendation on a suppression motion] by

3

the district court."). Indeed, *Thomas* suggests that no review at all is required. *Id*. ("We are therefore not persuaded that [§ 636(b)(1)] requires some lesser review by the district court when no objections are filed."). Nevertheless, the Eighth Circuit Court of Appeals has indicated that, at a minimum, a district court should review the portions of a magistrate judge's report and recommendation to which no objections have been made under a "clearly erroneous" standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that, when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting that the advisory committee's note to FED. R. CIV. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). Review for clear error, even when no objection has been made, is also consistent with "retention by the district court of substantial control over the ultimate disposition of matters referred to a magistrate." *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). Although neither the Supreme Court nor the Eighth Circuit Court of Appeals has explained precisely what "clear error" review means in this context, in other contexts, the Supreme Court has stated that the "foremost" principle under this standard of review "is that '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

I find no clear error in Judge Strand's recommendation. *Grinder*, 73 F.3d at 795 (noting that, when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor*, 910 F.2d at 520 (noting that the advisory committee's note to

4

FED. R. CIV. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). Notwithstanding Rasmussen's failure to file any resistance to the defendants' Motion For Summary Judgment, Judge Strand considered the merits of the defendants' various arguments for summary judgment. I find no clear error in Judge Strand's recommended disposition of any of these issues. Consequently, I accept Judge Strand's recommendation to grant the defendants' March 25, 2014, Motion For Summary Judgment. *See* 28 U.S.C. § 636(b)(1) (2006) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

THEREFORE,

1. I **accept** Judge Strand's May 7, 2014, Report And Recommendation On Defendants' Motion For Summary Judgment (docket no. 20);

2. I **grant** the defendants' March 25, 2014, Motion For Summary Judgment (docket no. 18) on the basis of Rasmussen's failure to generate genuine issues of material fact on the merits of his claim, the liability of Warden McKinney, or the qualified immunity of the defendants; and

3. I **direct** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED** this 28th day of May, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA